## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 08-871


## ROBERT VEROLINE, JR. ET AL

## VERSUS

## PRIORITY ONE EMS, ET AL


**********
APPEAL
FROM THE
THIRTIETH  JUDICIAL DISTRICT COURT
PARISH OF VERNON, NUMBER 76,157-A
HONORABLE VERNON B. CLARK,  PRESIDING
**********

## SYLVIA R. COOKS
## JUDGE

**********
Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters  Judges.

**REVERSED AND REMANDED.**

JAMES A. BOLEN, JR.
P.O. BOX 11590
ALEXANDRIA, LA 71315-`1590
318-445-8236
COUNSEL FOR APPELLEES


LESLIE R. LEAVOY, JR
P.O. BOX 1055
DERIDDER, LA 70634
318-462-6051
318-463-2811
COUNSEL FOR APPELLANT

**COOKS, Judge**.

### FACTS AND PROCEDURAL HISTORY

Heather Marie Veroline, the twenty-one year old sister of plaintiff Joshua Paul Veroline, injured her knee while on a family outing at Toledo Bend Lake on July 4, 2005. Joshua was present when his sister injured her knee. An ambulance was summoned to the scene and Heather, in obvious pain, was placed in the ambulance for transportation to a nearby hospital. Joshua was present as his sister was placed in the ambulance accompanied by her mother. As the ambulance proceeded to a local hospital Joshua followed but stopped along the way. While stopped on the roadside Joshua observed the ambulance pass him traveling very fast with its lights on which he explained signaled a turn for the worse in his sister's condition. Joshua proceeded with haste to the hospital arriving moments after the ambulance, at which time he learned his sister was in the emergency room. Heather Veroline died moments later without Joshua ever seeing her alive again. Joshua filed a petition for damages which was amended three times. In his last amended petition Joshua alleges he is entitled to damages for emotional distress as a result of defendants' negligent treatment of his sister. Joshua alleged that his sister died as a result of negligent care administered by the employees of defendant during the time she was in their care in the ambulance.

The trial court granted defendants' Motion To Dismiss finding 1) Joshua failed to allege sufficient facts to state a cause of action under La. Civil Code art. 2315.6 and finding 2) the allegation (made at the hearing) that Joshua's observation of the ambulance speeding by with lights and sirens, and his presumption that something had gone wrong, did not entitle him to recovery under Article 2315.6. The trial court

reasoned that under the Supreme Court's decision in *Trahan v. Mc Manus*, 728 So.2d 1273 (La. 1999) there was no "temporal proximity between the tortuous event, the victim's observable harm, and the plaintiff's mental distress arising from an awareness of the harm caused by the event." Joshua appeals that decision.

## ANALYSIS

The facts of this tragic event present a unique scenario under the jurisprudence and codified law regarding a bystander claim under La. Civ. Code art. 2315.6. It is undisputed that Heather Marie Veroline did not die as a result of the knee injury first observed by her brother, Joshua Paul Veroline. In considering the events which transpired thereafter, and the merits of defendant's Exception of No Cause of Action, we must treat as true all well-pled allegations of fact found in the pleadings. Joshua alleged he observed the ambulance switch to an emergency mode en route to the hospital. Joshua admits he did not observe a particular act of negligence, but that he came upon the event immediately after it happened and observed the result of the event, i.e. his dead sister, immediately thereafter.

La. Civil Code article 2315.6 provides:

"The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:" (Emphasis added). La. Civil Code art. 2315.6.

In *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559 (La. 1990) our state Supreme Court first addressed the right of bystanders to recover for emotional distress. In articulating the guidelines for determining the basis of such recovery in Louisiana, the Supreme Court stated:

"A claimant need not be physically injured, nor suffer physical impact in the same accident in order to be awarded mental pain and anguish damages arising out of injury to another. Nor need he be in the zone of danger to which the directly injured party is exposed. He must,

however, either view the accident or injury-causing event or come upon the accident scene soon thereafter and before substantial change has occurred in the victim's condition." (Emphasis added). *LeJeune*, 556 So. 2d at 570.

In holding that Mrs. LeJeune, the plaintiff in that case, was indeed entitled to damages despite the fact that she had not seen the rats eating on her comatose husband's face, the Supreme Court reasoned that Mrs. LeJeune had come upon the scene of injury to her husband before any substantial change had occurred and therefore was entitled to recovery.

We have visited issues involving a bystander's right to recover on many occasions since the *LeJeune* holding. In *Guillot v. Doe*, 2003-1754, (La. App. 3 Cir. 6/30/04), 879 So.2d 374, this court stated: "Bystander damages are available when serious emotional distress arises directly and immediately from the claimant's observation of a traumatic injury causing event to the direct victim or from the observation of the aftermath of the traumatic injury-causing event soon thereafter." *Guillot*, 879 So.2d at 383 (Emphasis added). To recover the bystander must prove: 1) he came upon the scene soon after the injury-causing event; 2) he is a member of the class of relatives permitted recovery; 3) the injured person suffered such harm that one can reasonably expect someone in the injured bystander's position to suffer serious emotional distress from the experience; and 4) the bystander's emotional distress must be severe, debilitating and foreseeable.

Joshua's petition and amended petitions set forth that 1) he came upon the injury causing event soon after it occurred; 2) he is the brother of the deceased person and therefore is within the class of relatives permitted recovery; 3) the injured person suffered and died as a direct result of the negligence of the defendants and he observed his sister's dead body shortly thereafter; and 4) he suffered serious emotional distress as a consequence which was foreseeable. To prevail ultimately,

plaintiff must prove at trial that his emotional injury was severe and debilitating. The trial judge dismissed Joshua's Petition For Damages concluding that Joshua is not entitled to bystander damages because he was not in the ambulance when the alleged injury-causing event occurred. Neither the Civil Code nor the jurisprudence require that the bystander actually observe the injury-causing event. To the contrary, it is enough that the bystander claimant come upon the scene immediately after the injury causing event. Joshua clearly alleges he came upon the scene immediately after the alleged injury causing event and observed his deceased sister. Joshua was present when the ambulance arrived at Toledo Bend, present when his sister was placed in the ambulance, present en route to the hospital and present within moments of his sister's death in the emergency room. Joshua clearly had temporal proximity between the tortious event and the victim's observable harm, i.e. her death. It is reasonable to expect that plaintiff may have suffered emotional distress arising from an awareness of the harm caused by the event. We are satisfied Joshua's petition states a cause of action for recovery of damages under La. Civil Code art. 2315.6. The trial court erred as a matter of law in granting defendants' Exception of No Cause of Action. [1]

### DECREE

Reversed and remanded for further proceedings. Costs of appeal are assessed against Appellee.

**REVERSED AND REMANDED.**

_____

[1] We note that under the provisions of La. Code Civ. P. Art. 931 the trial court in considering the Exception of No Cause of Action should have considered only the petition and amendments and should not have considered any evidence submitted by affidavit or otherwise.